UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) |
| JOSEPH SHANE PERKINS, | )  Case No.: 5:22-cr-0254-LCB-HNJ |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

# MEMORANDUM OPINION & ORDER

Joseph Shane Perkins is charged with being a felon in possession of a firearm, a violation of 18 U.S.C. 922(g)(1). He has moved to suppress the evidence against him because, he says, it was obtained in violation of his rights under the Fourth Amendment. (Doc. 13). The magistrate judge assigned to the case held a hearing, considered post-hearing briefs, and issued a report recommending this Court deny Perkins's motion to suppress. (Doc. 31). Perkins has filed objections to the report and recommendation, which the Court has considered *de novo*. (Doc. 33). However, for the reasons that follow, this Court finds that the magistrate judge's report and recommendation is due to be accepted and the defendant's objections overruled.

The magistrate judge thoroughly detailed the facts in his report and recommendation, so an exhaustive recitation is unnecessary. Virtually all of the

interaction was captured on the deputies' bodycams, so the facts are largely undisputed. It is sufficient to note that Perkins was the passenger in a vehicle that was pulled over in the early morning hours of August 25, 2021. However, just as the vehicle pulled to a stop, Perkins exited the passenger side and fled on foot. After a brief chase, one of the deputies deployed his taser and subdued Perkins. Among other items of contraband, officers discovered a handgun in Perkins's possession.

Perkins claims that the gun was seized in violation of his Fourth Amendment rights. Specifically, he alleged that the officer did not have reasonable suspicion to stop the vehicle in which he was riding. Therefore, he says, any evidence collected after that seizure is due to be suppressed as fruit of the poisonous tree. The magistrate judge disagreed and found that the deputies did not seize Perkins when they stopped the vehicle because he immediately fled when it halted. Perkins's immediate flight then gave rise to the necessary reasonable suspicion to seize him at the end of the chase. Further, the magistrate judge found that the deputies had probable cause to arrest Perkins at the time they deployed the taser. Therefore, any evidence gathered after that point was lawfully seized.

## I. Perkins's Objections

Perkins first objects to the magistrate judge's conclusion that he was not seized when the car he was riding in came to a halt. As noted, the magistrate judge

found this not to be a seizure because of the fact that Perkins fled immediately after the car stopped moving. In other words, Perkins never submitted to the deputies' authority. The report and recommendation noted:

> "A seizure by means of show of authority requires both a show of authority and submission to that authority." *Id*. (citing *California v. Hodari D*., 499 U.S. 621, 628-29 (1991)). That is, an officer effects a seizure by means of a show of authority where an officer's conduct reasonably conveys a command to stop, and that command actually produces a stop. *Id*. (citing *Hodari D*., 499 U.S. at 628-29). Hence, an "attempted seizure, without actual submission, is not a seizure for Fourth Amendment purposes." *United States v. Dolomon*, 569 F. App'x 889, 892 (11th Cir. 2014) (citing *Hodari D*., 499 U.S. at 626 n.2; *Troupe v. Sarasota Cnty., Fla*., 419 F.3d 1160, 1167 (11th Cir. 2005)); *see also Brendlin*, 551 U.S. at 254 ("A police officer may make a seizure by a show of authority and without the use of physical force, but there is no seizure without actual submission; otherwise, there is at most an attempted seizure, so far as the Fourth Amendment is concerned." (citation omitted)); *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 845 n. 7 (1998)  11 ("Attempted seizures of a person are beyond the scope of the Fourth Amendment." (citation omitted)).

Perkins does not dispute that he fled immediately after the car was pulled over.

Perkins cites several cases for the proposition that a seizure can happen in an instant and that it is a single act rather than a continuous process. However, those cases do not call into question the principles discussed above, i.e., that submission to authority is a necessary element of a seizure. Perkins asserts that the facts in this case are distinguishable, but he does not explain how. Rather, he reiterates the fact that a seizure is a single act that occurs at a fixed moment in time. However, that

3

does nothing to distinguish this case from those cited in the report and recommendation. Accordingly, Perkins's first objection is due to be overruled.

Perkins next argues that the deputies lacked reasonable suspicion to stop the vehicle in which he was a passenger. However, Perkins is due no relief on this issue because it has already been determined that he was not seized when the vehicle was pulled over. As will be discussed below, Perkins was not seized until the chase was over. Nevertheless, the magistrate judge found that, considering the totality of the circumstances, the deputies had reasonable suspicion to initiate the traffic stop in question. This Court agrees.

As explained in the report and recommendation, the deputies were parked in their patrol cars in front of a chiropractor's office at approximately 1:30 in the morning when they observed a vehicle emerge from behind the building, circle in front, and then stop in the corner of the parking lot. The occupants then got out of the vehicle, opened the hood, and appeared to the deputies to pour some type of liquid under the hood. Given that the area in question was known for elevated criminal activity, that the chiropractor's office was not open at the time[1], and the deputies' general experience in observing people who are under the influence of drugs[2], the deputies decided to initiate a traffic stop. Having considered the

---

[1] This was not an all-night chiropractor.
[2] Deputy Bates testified that the occupants of the vehicle were doing "meth-head stuff." (Doc. 26 at 36-37).

parties' briefs as well as the testimony of witnesses and the arguments of counsel at the suppression hearing, the magistrate judge found that the totality of the circumstances constituted reasonable suspicion. This Court agrees and overrules Perkins's objection.

Perkins's next objection is based on the magistrate judge's finding that the deputies had probable cause to arrest him. According to Perkins, the deputies did not even have reasonable suspicion, much less probable cause, to arrest him. However, this particular objection presupposes a finding that the officers lacked reasonable suspicion to initiate the traffic stop. Given that Perkins fled immediately after the vehicle came to a halt, the deputies certainly had reasonable suspicion to pursue and ultimately arrest him. The magistrate judge's finding that the officers had reasonable suspicion to stop the vehicle and probable cause to arrest Perkins afterwards dooms the remainder of Perkins's objections as they are all based on contrary assumptions.

Finally, Perkins asserts that his flight from the officers was provoked and should therefore not be a valid basis on which to base probable cause. Perkins cites caselaw for the proposition that an attempted illegal stop is a provocation that would support such a finding. However, as discussed above, the initial stop was not illegal. Accordingly, Perkins's flight was not unlawfully provoked, and he is due no relief on this issue.

## II. Conclusion

For the foregoing reasons, the Magistrate Judge's Report is **ADOPTED** and his Recommendation **ACCEPTED**.  (Doc. 31).  Perkins's motion to suppress (Doc. 13) is **DENIED**.

**DONE** and **ORDERED** December 18, 2023.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE